UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,

vs.                                          CASE NO. 4:22-cv-10581

TYLER PROMOTIONS, LLC
d/b/a PRIME EIGHT TEN;
TYLER PROMOTIONS2, LLC;
PRIME EIGHT TEN, LLC;
LARON P. THORNTON;
RAYMOND TYLER JR.;
AUGUSTUS TYLER;

    Defendants.
_____/

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. § 1332.

2. Defendant Tyler Promotions LLC [Business] is a limited liability company whose members are Defendants Thornton [Debtor], Raymond Tyler and Augustus Tyler [Co-Debtors] domiciled in and citizens of Michigan. Co-Debtors are the members of Defendant Tyler Promotions2 LLC [TPL] and of Defendant Prime Eight Ten LLC [PET].

1

3. Defendants are agents of each other with authority to act on behalf of each other, such as the transactions, acts and omissions at issue.

4. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims. The case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

5. Under 28 U.S.C. § 1391 and § 102, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and jurisdiction here to which they are subject.

6. Defendants conducted their restaurant business as their enterprise, sharing its offices, officers, staff, property and assets, its common ownership, management and finances, which they assumed, adopted and ratified.

7. Business and Debtor, applied for a commercial loan [Loan] at Plaintiff's Georgia office. They represented in the application process that Debtor could bind Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied in providing the Loan, which Defendants assumed, adopted and ratified.

8. On or about 6/4/21 [Closing], Business, through Debtor, executed and delivered a sworn Note to Plaintiff for a gross loan amount/principal sum of

$165,000.00 at Plaintiff's Georgia office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process which the Defendants assumed, adopted and ratified [Note ¶¶ 1-5].

9.      The Note is breached and in default if (i) <u>its amounts are not received when due</u>; (ii) Business <u>breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting</u>; <u>a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days</u> (iv) <u>Business ceases to exist</u> (v) obtains another loan without written permission [Note ¶ 6].

10.     The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who become liable for it, such as the other Defendants, who assumed, adopted and ratified the Note and waived any defenses to the Note, aside from payment, which provides:

> <u>*Borrower and all others*</u> who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) <u>*any defense, including but not limited to the defense of the statute of limitations in any action or proceeding brought for the obligations due, arising under or related to this Note aside from the defense of payment in full.*</u> No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower under this Note or the right of Lender to take further action without further notice to Borrower. [Note ¶13].

> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14].
>
> *Borrower may only assign its rights and obligations under this Note with Lender's written agreement, to which any merger, takeover or combination of Borrower with another entity is subject. However, any person or entity receiving a portion of the Funds of this Note, undisclosed to Lender, is deemed to have assumed liability for the Note, which is enforceable against that person or entity at Lender's sole election and discretion* [Note ¶ 22].

11. The Note is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction and venue in any action arising from or relating to the Loan [Note ¶¶ 20, 23, 24] which the Defendants assumed, adopted and ratified by obtaining the Loan.

12. The property and assets of Business, with and all others who are or become liable for or are bound by the Loan, are encumbered as its collateral under a Security Agreement in the Note, which the Defendants which they assumed, adopted, accepted, from which they benefited and ratified per their acceptance and retention of the Funds, which provides:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind

4

whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

13. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of Business and Debtors for debt owed under the Loan [Note ¶ 25] which Defendants assumed, adopted and ratified by obtaining the Loan.

14. On or about the Closing, Debtor executed and delivered a Guaranty of the Note and Security Agreement to Plaintiff, again confirming all information in the loan application which Defendants ratified [Guaranty p. 1].

15. The Guaranty is breached and in default based on breach and default on its terms or any breach of and default on the terms of the Note [Guaranty p. 1].

16. The Guaranty reflect the unconditional legal obligations of Debtor to satisfy the Loan, with all others who become liable for the Loan, their estates, executors, administrators, heirs, successors and assigns, such as Co-Debtors, TPL and PET who assumed, adopted and ratified the Loan and waived any defenses to the Loan aside from payment, which provides:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].
>
> This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

> *Guarantor and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full. No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty 5 or the right of Lender to take further action without further notice to Guarantor [Guaranty ¶ 8].
>
> Guarantor may only assign its rights and obligations under this Note with Lender's written agreement. *This provision is otherwise subject to the corresponding provisions in the Note* [Guaranty ¶ 19].

17. All obligations and debts owed by Business to Debtor are subordinated, waived or subject to their obligations to satisfy the Loan [Guaranty ¶¶ 4-5] which Defendants assumed, adopted and ratified.

18. The Guaranty is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction any forum in in any action arising from or relating to the Loan [Guaranty ¶¶ 10, 12] which the Defendants assumed, adopted and ratified.

19. The property and assets of Debtor and Business, with and all others who are or become liable for or are bound by the Loan, are encumbered as its collateral under the Note, Security Agreement and Guaranty, which Defendants assumed, adopted and ratified, as the Guaranty provides:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the

Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) *the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note;* (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower [Guaranty ¶1].

20. Plaintiff may enforce the Loan as to Debtor and all others who become liable for and are bound under the Guaranty, such as all Defendants, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶ 11, 14, 20].

21. At the Closing, Debtor executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account and the Defendants ratified the Loan by making several payments.

22. At the Closing, Debtors and Business received the Funds by wire transfer from Plaintiff's account into their account per the Loan, which Defendants assumed, adopted and ratified by obtaining and retaining the Funds.

23. Defendants assumed and adopted and ratified the Note, Guaranty, Security and Debit Agreements and any Modifications [Instruments] by accepting and retaining the Funds. Upon information, they used the Funds to maintain or purchase property subject to the Loan for which they are liable. They control

8

Business in which they have unified interests as its *de-facto* owners and direct its activities and decisions. They dominate and control Business, using its property and assets to secure financing, such as the Loan and others to benefit themselves. They direct the use of its property and assets to benefit themselves. They determine which of its creditors are paid or not, such as Plaintiff. They misused its property and assets to avoid significant debt, such as theirs which exceeds $100,000 upon information, resulting in its undercapitalization. They decide which, if any of its property and assets, are encumbered as collateral for financing which they obtain to benefit themselves but do not repay, such as the Loan.

24. Defendants own Business, TPL and PET, shared and co-mingled their property, assets, profits and losses as their enterprise, their alter-ego, by which they own property and assets obtained or maintained from the Funds and other loans. On 10/13/18, Business was organized by the Tylers per their certificate of organization filed that day with the Michigan Secretary of State [SOS]. Upon information, the Tylers own at least an 80% interest in the Business. On 2/18/20, Business assumed the name of Prime Eight Ten per its certificate signed by Raymond Tyler as a member of Business and filed that day with the SOS. Plaintiff materially relied upon this information in closing the Loan with the Business.

25. On 6/4/21, Business and Debtor closed the Loan with Plaintiff and received the Funds on 6/7/21 but ceased loan payments on or about 8/13/21. On

9

9/28/21, Business changed its registered agent per a certificate signed by Raymond Tyler as its agent and by Augustus Tyler as its manager, filed with the SOS that day. On 9/28/21, Tyler Productions2 was formed by its certificate of organization signed by Augustus Tyler and filed with the SOS that day. On 10/1/21, Business terminated its assumed name of Prime Eight per a certificate signed by Raymond Tyler as its member and filed with the SOS that day. On 10/4/21, Prime Eight Ten LLC was organized at the same location as Business per a certificate of signed by Raymond Tyler, filed with SOS that day. Defendants conduct their enterprise as Prime Eight Ten per their social media. https://www.facebook.com/PRIME8TEN/

26. The Instruments secure and encumber the property and assets of Defendants, such as but not limited to the below, used to operate their enterprise:

(a) 2028 Lochlayne Lane, Davison MI 48423, Genesee Parcel ID 05-19-526-022.

(b) 5505 Kelly Road, Flushing Michigan 48433, Genesee Parcel ID 14-29-300-015.

(c) 4418 W. Pierson Road, Flint, MI 48504, in which Defendants have an option to purchase or other contingent ownership interest.

(d) The interests of Defendants in any business, of which they are agents, owners, members and officers, which they owned at any time.

(e)     Co-Debtors, TPL and PET "became liable" for the Instruments as "successors and assigns" of Debtor/Business. TPL and PET assumed the Loan or merged with Business, are its continuation or combined with it to fraudulently avoid its debts. Business, TPL and PET share management, business, operations, assets and property. Co-Debtors, All Defendants are closely related to Business and Debtor. It was foreseeable all Defendants would be bound by the Loan, whose rights are derivative of Business and Debtor, whose conduct requires this result.

(f)     The properties and assets of the Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or by their conduct at issue.

(g)     The properties and assets of Defendants are subject to any UCC-1 or other notice as to the Loan and are subject to jurisdiction here.

(h)     Any property and assets encumbered by other debts of Defendants, satisfied by the Loan, into which Plaintiff is subrogated [prior loans].

27.     The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ 2, 14, Guaranty ¶¶ 1-3]. Debtor and Business and others are "liable for its amounts due" including Co-Debtors, TPL and PET as their "successors and assigns" which assumed, adopted and ratified the Loan, Business, TPL and PET merged, or are their continuation, or combined to fraudulently avoid their debts, against whom it

11

is enforceable [Note ¶¶ 13, 22, Guaranty ¶¶ 3, 8, 19]. It bars their claims, offsets and defenses except payment [Note ¶ 13, 14, Guaranty ¶¶ 2, 8, 9, 10]. It provides for payment of interest, costs, charges and fees [Note ¶¶ 2, 5, 7, 8, 10, Guaranty ¶¶ 1, 7]. It is enforceable by unlimited remedies including on its debt and its lien [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 11, 14, 20]. It was ratified by Defendants who retained the Funds for which they are liable [Note ¶¶ 22, Guaranty ¶¶ 19].

28. Defendants breached and defaulted upon the Instruments, such as failing to disclose their involvement with or lack of intent to comply with the Loan when obtaining it, defaulting just after the Closing, failing to disclose their debts or other issues, failing to make payments, obtaining unapproved loans, dissipating, disposing of and benefitting from property and assets secured by the Loan such as those of Business and Debtor. They did so to impair, hinder, delay and prevent enforcement of the Loan, to defraud Plaintiff after the Closing, which they did not cure even after demand by Plaintiff. These matters require equitable relief, for which there is no adequate legal remedy. Business was undercapitalized of which Defendants are alter-egos or an enterprise.

29. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them prior to commencing suit, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges provided by law and their terms [Note ¶¶ 2, 5, 7, 8, 9, 10, 11, 12, Guaranty ¶¶ 1, 7].

30. Plaintiff reasonably relied upon the representations of Defendants through Debtor and Business, closed the Loan and paid them the Funds as a result.

31. Defendants accepted, benefitted from and ratified the Loan but unjustly retain the Funds at Plaintiff's expense with their property and assets.

32. Defendants are indebted to Plaintiff for the Funds for which their property and assets are secured per the Instruments, of which they had knowledge, who are not prejudiced or subjected to injustice by enforcing the Loan as to them.

33. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS

34. ¶¶ 1-33 are incorporated.

35. The Instruments are intended to bind all recipients and beneficiaries of the Funds and to secure their property and assets as collateral for the Loan.

36. Defendants assumed, adopted, ratified and benefitted from the Loan by accepting and retaining its Funds, subject to the terms of the Instruments.

37. The Instruments are secured by all property and assets of Defendants, which they assumed, adopted and ratified and for which they are jointly obligated.

38. Plaintiff requires enforcement of the Instruments as to all Defendants their property and assets due to their conduct, including their default upon and breach of the Loan, per the intent of the Instruments and equitable principles.

39.     Plaintiff requires this equitable relief which will not prejudice the Defendants for which there is no adequate legal remedy given these matters.

40.     Per 28 U.S.C. §§ 2201, 2001 and applicable law, Plaintiff requests the Court declare and establish Defendants are jointly liable for the Instruments for which their property and assets are secured as collateral, enforceable as a secured lien, equitable lien, constructive trust or like relief, subrogated into the Prior Loans, relating back to the Closing, judicially foreclosing Plaintiff's secured lien or other interest in all such property and assets of Defendants, their fixtures, appurtenances, rents, contents and insurance, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, issuing a post-sale writ of possession and of ejectment for Plaintiff or any purchaser, granting all just relief, such as its other relief.

### COUNT II: BREACH OF INSTRUMENTS AS TO ALL DFEENDANTS

41.     ¶¶ 1-33 are incorporated.

42.     Defendants consented to and ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors.

43.     Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

44. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

45. Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and Defendants will be indebted for Plaintiff's fees and costs.

46. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

47. Plaintiff demands judgment for its damages on the Instruments as to Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

48. ¶¶ 1-33 are incorporated.

49. Defendants induced and encouraged Plaintiff to confer the Funds upon them through Business and Debtor, of which they assumed, adopted and ratified.

50. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

51. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

15

52. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

53. Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as its other remedies.

### COUNT IV:  MONEY HAD AND RECEIVED
### AS TO ALL DEFENDANTS

60. ¶¶ 1-33 are incorporated.

61. Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

62. Defendants should not retain and unjustly enrich themselves with the Funds Plaintiff's expense to which it is entitled in good conscience and equity.

63. Plaintiff made demand for repayment of the Funds upon Defendants by and/or through Debtor which was refused and/or unnecessary and/or futile.

64. Plaintiff demands judgment as to Defendants for the balance of the Funds of at least $76,000.00, costs and just relief, including its other remedies.

### COUNT V: ATTORNEY'S FEES
### AS TO ALL DEFENDANTS

65. ¶¶ 1-33 are incorporated.

66. Defendants acted in bad faith by their misconduct, refusing to resolve the matters requiring Plaintiff to bring this case and incur costs and fees.

67. Defendants were stubbornly litigious as there was no dispute of their liability, who caused Plaintiff unnecessary trouble and expense to bring suit, defaulting on the Loan.

68. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

69. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, such as its other remedies, if not otherwise granted.

70. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 17th day of March 2022.

    By:    */s/Paul G. Wersant*
             Paul G. Wersant
             ED MI Bar No. 748341
             3245 Peachtree Parkway, Suite D-245
             Suwanee, Georgia 30024
             Telephone: (678) 894-5876
             Email: pwersant@gmail.com
             Attorney for Plaintiff IOU
             File No. 184728